UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-864-H

CURTIS L. BROWN                                                                              PETITIONER

V.

J. DAVID DONAHUE, WARDEN                                        RESPONDENT

**MEMORANDUM OPINION AND ORDER**

Respondent, J. David Donahue, Warden, has moved to dismiss the petition for writ of habeas corpus on the grounds that it is barred by the statute of limitations. Petitioner has responded by filing his own motion for summary judgment.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") allows a petitioner one year from the date their state court conviction becomes final in which to file a habeas corpus petition in federal court. 28 U.S.C. § 2244(d)(1). AEDPA tolls the one-year limitation period while a "properly filed application" for post conviction review is pending in state court. 28 U.S.C. § 2244(d)(2). In *Bronaugh v. Ohio*, 235 F.3d 280 (6th Cir. 2000), the Sixth Circuit discussed the one-year limitation period:

> AEDPA states that a "1 year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court" 28 U.S.C. §2244(d)(1). The statute of limitations begins to run from the latest of four circumstances, one of which is the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The one-year period of limitations is tolled, however, for that amount of time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §2244(d)(2).

235 F.3d at 282-83. A criminal defendant has 90 days following the (1) entry of judgment by the "state court of last resort" or (2) entry of the order denying discretionary review ("of a judgment of a lower state court that is subject to discretionary review by the state court of last resort"), in which to file a petition for a writ of certiorari. S.Ct. Rule 13; *Clay v. United States*, 537 U.S. 522, 528 n.3 (2003) ("The Courts of Appeals have uniformly interpreted 'direct review' in § 2244(d)(1)(A) to encompass review of a state conviction by this Court" (collecting cases)). AEDPA tolls the one-year limitation period while a "properly filed application" for post conviction review is pending in state court. 28 U.S.C. § 2244(d)(2).

Here, Petitioner's final judgment was entered on June 6, 2006. Therefore, Petitioner had 30 days–until July 6, 2006–in which to file an appeal. Petitioner did not file an appeal. Therefore, his state court judgment became final on June 6, 2006. As a result, Petitioner had until June 7, 2007–one year after his state court conviction became final–in which to file either his federal habeas petition or a time-tolling state post-conviction motion.

Petitioner filed his CR 60.02 motion in Jefferson Circuit Court on December 6, 2006. Therefore, 183 days of the one year period ran before Petitioner filed a time-tolling collateral attack motion. Jefferson Circuit Court denied the CR 60.02 motion and Petitioner appealed. The Kentucky Court of Appeals affirmed the denial on March 14, 2008. At this juncture, Petitioner had 182 days–or until September 12, 2008–in which to file his federal habeas petition. Petitioner did not file the instant petition until October 28, 2009, or well beyond the remaining time.

Petitioner did file a petition for writ of mandamus in the Kentucky Court of Appeals on May 30, 2008. However, courts have refused to extend the tolling provision to mandamus actions seeking to have a state court take action on a matter. *Moore v. Cain*, 298 F.3d 361, 367

(5th Cir. 2002). The Sixth Circuit does not appear to have specifically ruled on this issue.

Regardless, even allowing the petition for writ of mandamus to toll the one year period, does not help Petitioner. He filed the mandamus petition on May 30, 2008–77 days after the Kentucky Court of Appeals affirmed the denial of Petitioner's CR 60.02 motion. The filing of the mandamus petition could conceivably add 77 days to the 183 days which had already ran from the time of final judgment to the filing of the CR 60.02 motion. Thus, at this juncture, 260 days of the one year statute of limitations had expired before the petition for writ of mandamus had ever been filed. The Kentucky Court of Appeals denied the petition on August 15, 2008. Petitioner then would have had 105 days of the one year remaining–or until November 28, 2009–in which to file his federal habeas petition.

However, Petitioner did not file the habeas petition until October 28, 2009–well after the one year had already expired. Thus, even giving Petitioner the benefit of the petition for writ of mandamus tolling the filing period, this habeas petition would be beyond the one-year statute of limitations period.

It does not appear (1) that there was any impediment to Petitioner's filing of the petition; (2) that the petition is based upon an assertion of a newly recognized constitutional right; or (3) that there is any issue as to the date on which the factual predicate of Petitioner's claims could have been discovered. None of the factual issues which Petitioner raises in his response have an impact on the result as described here.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Petitioner's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus is DISMISSED

WITH PREJUDICE.

This is a final order.

cc: Curtis L. Brown, Pro Se
Counsel of Record